| | |
|---|---|
| **WAYNE DAVIS ON BEHALF OF JA'COLBY DAVIS** | **CIVIL ACTION NUMBER** |
| **VERSUS** | **UNITED STATES DISTRICT COURT** |
| **CITY OF BATON ROUGE, CARL DABADIE, JR., TODD BOURGOYNE, BLANE SALAMONI, KIP HOLDEN, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3 AND XYZ INSURANCE COMPANY** | **MIDDLE DISTRICT OF LOUISIANA** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PRELIMINARY STATEMENT

1.   This is a civil rights action in which the Plaintiff, **WAYNE DAVIS, ON BEHALF OF JA'COLBY DAVIS**, his minor child, (hereinafter "Plaintiff") seek relief for the defendant's violation of their rights secured by the Civil Rights Acts of 1866, and 1871, 42 U.S.C. Section 1983, the rights secured by the Fourth Amendment by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and for rights secured under the laws and Constitution of the State of Louisiana. As Ja'Colby Davis is a minor child, his father and natural tutor, Wayne Davis, is seeking relief on his behalf. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs and attorney fees and such other further relief as this court deems equitable and just.

### JURISDICTION

2.   Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, 1342 (3) and (4) by this action being an action seeking relief for the violation of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of $75,000.00 exclusive of interests and costs.

3.   Plaintiff invokes this Court's pendent jurisdiction over any and all state law claims and causes of action, which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action.

4.   Plaintiff demands a trial by jury on each and every one of their claims as pled herein.

### VENUE

5.   Venue is proper for the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. Section 1391 9 (a), (b) and (c).

## PARTIES

6. The Plaintiff, **WAYNE DAVIS ON BEHALF OF MINOR CHILD JA'COLBY DAVIS**, is a resident of the United States and is and was at all times relevant herein a resident of the Parish of East Baton Rouge, State of Louisiana.

7. Defendant, **CITY OF BATON ROUGE**, through **Mayor Kip Holden**, at all times pertinent herein, the employer of the defendant officers herein. Defendant **City of Baton Rouge** enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officers herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, **City of Baton Rouge**, has ultimate policy making authority with respect to the conduct and procedures of the City of Baton Rouge Police Department. The City of Baton Rouge principal place of business is 222 St. Louis Street, 3rd Floor, Baton Rouge, LA 70802.

8. Defendant, **MAYOR KIP HOLDEN**, (hereinafter "**Holden**") is the Mayor/President of East Baton Rouge/Baton Rouge the employer of the deputies/officers herein. **Holden** enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, **Holden**, has ultimate policy making authority with respect to the conduct and procedures of the City of Baton Rouge Police Department and East Baton Rouge Parish Sheriff's Department. Plaintiff sues **Holden** in his individual and official capacity. Holden's principal place of business is 222 St. Louis Street, 3rd Floor, Baton Rouge, LA 70802.

9. Defendant, **CHIEF OF POLICE CARL DABADIE, JR**, (hereinafter "**Dabadie**") is the Chief of Police for the City of Baton Rouge the employer of the defendant officers herein. **CHIEF OF POLICE CARL DABADIE, JR** enjoys ultimate supervisory, regulatory, and corrective authority over each and every law enforcement officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, **CHIEF OF POLICE CARL DABADIE, JR**, has ultimate policy making authority with respect to the conduct and procedures of the City of Baton Rouge Police Department. Plaintiff sues **CHIEF OF POLICE CARL DABADIE, JR** in his individual and official

capacity. **CHIEF OF POLICE CARL DABADIE, JR's** principal place of business is 9000 Airline Highway, Baton Rouge, Louisiana 70815.

10. Defendant, **TODD BOURGOYNE**, (hereinafter "Sgt. Bourgoyne") is a Sergeant employed by the Baton Rouge Police Department. At all pertinent times herein, Sgt. Bourgoyne was acting in his capacity as agent, servant, and employee of Baton Rouge Police Department, and within the scope of his employment as such. Plaintiffs sue Sgt. Bourgoyne in his individual and official capacity.

11. Defendant, **BLANE SALAMONI**, (hereinafter "Ofc. Salamoni") is a an employed by the Baton Rouge Police Department. At all pertinent times herein, Ofc. Salamoni was acting in his capacity as agent, servant, and employee of Baton Rouge Police Department, and within the scope of his employment as such. Plaintiffs sue Ofc. Salamoni in his individual and official capacity.

12. Defendant, **UNKNOWN OFFICER 1**, (hereinafter "**UNK OFFICER 1**") is an officer employed by the City of Baton Rouge. At all pertinent times herein, **UNK OFFICER 1** was acting in his/her capacity as agent, servant, and employee of the City of Baton Rouge, and within the scope of his/her employment as such. Plaintiff sues **UNK OFFICER 1** in his/her individual and official capacity.

13. Defendant, **UNKNOWN OFFICER 2**, (hereinafter "**UNK OFFICER 2**") is an officer employed by the City of Baton Rouge. At all pertinent times herein, **UNK OFFICER 2** was acting in his/her capacity as agent, servant, and employee of the City of Baton Rouge, and within the scope of their employment as such. Plaintiff sues **UNKNOWN OFFICER 2** in his/her individual and official capacity.

14. Defendant, **UNKNOWN OFFICER 3**, (hereinafter "**UNK OFFICER 1**") is an officer employed by the City of Baton Rouge. At all pertinent times herein, **UNK OFFICER 3** was acting in his/her capacity as agent, servant, and employee of the City of Baton Rouge, and within the scope of his/her employment as such. Plaintiff sues **UNK OFFICER 3** in his/her individual and official capacity.

15. Defendant, **XYZ INSURANCE COMPANY** is the insurance carrier for **CITY OF BATON ROUGE POLICE DEPARTMENT** and had an insurance policy in effect at the time of this incident. After adequate discovery, Plaintiff will be amending the complaint to reflect the proper party defendant insurance carrier.

16. At times relevant herein, all law enforcement officials herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of their employer named herein, and otherwise performed and engaged

in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and behalf of their employer Baton Rouge Police Department at all times relevant herein with the power and authority vested in them as officers, deputies, agents, and employees of their employer and incidental to the lawful pursuit of their duties as officers, deputies, employees, and agents of their employer.

## STATEMENT OF FACTS

17. On April 17, 2016, Law Enforcement officers were working security on North River Road in front of the River Center.

18. Ofc. Salamoni approached Plaintiff allegedly giving him an area to step back from the area. After Plaintiff complied, Ofc. Salamoni still grabbed Plaintiff by the arm absent any probable cause or pertinent reason to detain him. At that point Ofc. Salamoni drove Mr. Davis violently into the ground.

19. Ofc. Salamoni was joined by Sgt. Bourgoyne. Sgt. Bourgoyne admittedly struck Plaintiff in the neck and face repeatedly. Ofc. Salamooni also admitted stuck Plaintiff in the face repeatedly. Plaintiff did make attempts to protect his face and head area. However, Ofc. Salamoni and Sgt. Bourgoyne, along with other officers, were actively restraining Plaintiff while repeatedly punching him in his face and head. In a video of this incident, Plaintiff can be seen struck as many as six (6) times.

20. Unknown Officers 1, 2 and 3 each were participating in the brutal beating of Plaintiff by holding him down while Ofc. Salamoni and Sgt. Bourgoyne, by their own admission, struck Ja'Colby Davis repeatedly.

21. Plaintiff, after receiving such a brutal beating, required medical treatment. He was treated at Our Lady of the Lake hospital before being taken to East Baton Rouge Parish Correctional Center. Upon realizing that Plaintiff was a minor child, he was then transported to the Juvenille Detention Center. All charges were ultimately dismissed.

## FIRST CLAIM

42 U.S.C. Section 1983

(Against All Law Enforcement Officials)

22. Plaintiff incorporates by reference all allegations set forth in Paragraphs 1 through 21 is fully set forth herein.

23. By engaging in false arrest, false imprisonment, battery, assault and kidnapping, the defendants herein have deprived Plaintiff of their rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983 and of

rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. As a direct proximate result of the misconduct and abuse of the authority averred to above, Plaintiff has suffered and continue to suffer from physical pain, psychological pain, suffering and mental anguish, and other damages to be more specifically averred at trial.

## SECOND CLAIM

Pendant State Law Claim

(Against all Defendants)

24. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-21 as fully set forth herein.

25. On information and belief, the Defendant failed to effectively screen, hire, train, supervise and discipline its deputies on how to handle aggressive situations.

26. Under the doctrine of respondent superior, the Defendant, Carl Dabadie is fully responsible for the acts of the individual employees of same named herein.

27. By the actions described above, the Defendant, Carl Dabadie has committed the following wrongful acts against the Plaintiff, which are tortuous under the law:

    a. Assault;

    b. Negligence in causing physical injury;

    c. Intentional infliction of emotion distress;

    d. False arrest;

    e. False imprisonment without consent;

    f. Negligent hiring;

    g. Kidnapping; and

    h. Violation of rights otherwise guaranteed by under state and federal law.

28. The foregoing acts and conduct of the Defendants were the proximate cause of the Plaintiff's injuries.

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against the all defendants:

    a. Compensatory damages in the amount of $1,000,000.00;

    b. Punitive damages in the amount of $1,000,000.00;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. The Court to order, pursuant to 42 U.S.C. 1988, the Plaintiff is entitled to costs involved in maintaining this action, including attorney's fees.

  e. Such other relief as the court may deem appropriate and equitable.

Dated:  December 9, 2016

          Respectfully Submitted:

          /s/ Shannon L. Battiste_____
          **Shannon L. Battiste**
          **Bar Roll Number 30198**
          607 North Alexander Avenue
          Port Allen, Louisiana 70767
          Telephone: (225) 361-0424
          Facsimile: (225) 400-9060
          email:  attorneybattiste@yahoo.com