UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE DAVIS ON BEHALF OF JA'COLBY DAVIS** | **CIVIL ACTION** |
| VS. | |
| **CITY OF BATON ROUGE, CARL DABADIE, JR., TODD BOURGOYNE, BLANE SALAMONI, KIP HOLDEN, UNKNOWN OFFICER 1, UNKNOWN OFFICER 2, UNKNOWN OFFICER 3 AND XYZ INSURANCE COMPANY** | **NO.: 3:16-cv-00834-BAJ-RLB** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF BLANE SALAMONI'S MOTION TO DISMISS

NOW INTO COURT, through undersigned counsel, comes Defendant, BLANE SALAMONI, who respectfully files this Motion to Dismiss for: insufficient service of process pursuant to Rules 12(b)(4) and 12(b)(5), Fed.R.Civ.P and failure to prosecute under Rule 41(b), Fed.R.Civ.P. and for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed.R.Civ.P. Based upon the pleadings filed in this case, this motion should be granted and the claims of WAYNE DAVIS, on behalf of JA'COLBY DAVIS, against Defendant, BLANE SALAMONI should be dismissed with prejudice as set forth more particularly in this Memorandum.

### FACTUAL BACKGROUND

Plaintiff Wayne Davis, on behalf of Ja'Colby Davis, filed this action on December 9, 2016 asserting claims under 42 U.S.C. § 1983 and state tort law, naming Blane Salamoni as a defendant, among others.[1] Last year, on April 11, 2017, this Honorable Court ordered Plaintiff to show cause, in writing, why Blane Salamoni should not be dismissed because of Plaintiff's failure to serve this

---

[1] Record Document 1.

defendant.[2] Plaintiff's reply, filed on April 25, 2017, cited law concerning instances in which a defendant's identity is unknown, which law is inapplicable in this case, because Plaintiff sued Blane Salamoni by name in the initial complaint, clearly demonstrating knowledge of Salamoni's identity.[3] Five hundred and eighty-five (585) days after Plaintiff filed his initial complaint naming Blane Salamoni as a defendant, Plaintiff "served" Salamoni with an unsigned, unsealed summons.

## LAW AND ANALYSIS

### A. Summons Was not Signed or Sealed by Clerk of Court

Rule 4(a), Fed.R.Civ.P. requires, in pertinent part, that a summons, "be signed by the clerk; and bear the court's seal." The summons Plaintiff served on Salamoni was not signed by the Clerk of Court for this Honorable Court and did not contain the court seal. (Exhibit A) Other courts have found the absence of the clerk's signature and the court seal on the summons to be a fatal defect that cannot be cured by amendment.

> In the instant case, the plaintiff never requested the Clerk to issue a summons nor did he. The Clerk neither signed it nor affixed the seal of the Court as required by Rule 4. The plaintiff avers in her affidavit that she prepared the summons in this action and took "a copy of the summons supplied by the Clerk of this court and filled in the name and address. . .for each defendant." She then engaged a process server and plaintiff appeared in the Clerk's office the next day to file the proofs of service. A staff person called to her attention without other comment that the summons did not contain the Clerk's signature and docketed the return.
> The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons. A district court must not only have subject matter jurisdiction over the litigation before it, but also personal jurisdiction over the defendants. A court may not go through the sterile exercise of acting in a

---

[2] Record Document 18.

[3] Record Documents 1 and 19.

vacuum to adjudicate a legal dispute. It must have all parties as well as an actual controversy. *Ayers v. Jacobs & Crumplar, P.A.,* 99 F.3d 565, 568-9, 35 Fed.R.Serv. 3d 1125 (3d Cir. 1996).

Similarly, in *Pickett v. City of Houston*, No. H-08-2734, 2009 WL 1158842, at *1-2 (S.D. Tx. April 29, 2009) the court found that "[t]his putative 'summons,' however, did not bear the seal or signature of the Clerk of Court, and was not issued by the Court. The Court's electronic filing system confirms that no summons was issued by the Clerk of Court in this case," and the City was entitled to dismissal.

Undersigned counsel spoke with the Clerk of Court's office for the U.S. District Court for the Middle District of Louisiana on July 30, 2018 at 1:38PM and confirmed that the Clerk of Court has not issued any summons in this case, as of the time of that phone call, and thus could not have issued the unsigned, unsealed summons sent to Blane Salamoni on July 17, 2018. (Exhibit A)

### B. No Good Cause for Failing to Effect Service

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

The Fifth Circuit provided three factors for the district court to consider in determining whether Plaintiff lacked good cause for failing to effect service within the time allowed by Rule 4(m), Fed.R.Civ.P. *Gartin v. Par Pharmaceutical Companies, Inc.*, 289 F.App'x 688 (5th Cir.2008). The *Gartin* factors demonstrating lack of good cause were:

> (1) the delay of seven months was excessive; (2) the Gartins failed to seek an extension of time prior to the expiration of the original 120 day deadline; and (3) the Gartins were on notice from the inception of this lawsuit that they were required to serve [the defendant] individually, but made no effort to do so.

In applying the *Gartin* factors to this case, one sees that: (1) Plaintiff delayed an excessive nineteen (19) months in serving Defendant; (2) Plaintiff failed to seek an extension of time prior to the expiration of the original 90 day deadline[4]; and (3) Plaintiff was on notice from the inception of this lawsuit that he was required to serve Salamoni, but failed to do so until making defective, insufficient service on July 17, 2018, five hundred and eighty-five (585) days after the complaint was filed.

This Honorable Court considered the *Gartin* factors in a similar case involving Plaintiff's failure to demonstrate good cause for not timely serving Plaquemine police officers. *Thomas v. Gulotta*, No. 13-CV-688-JJB-SCR, 2015 WL 729915, (M.D. La. Feb. 19, 2015).

> Considering the factors of *Gartin*, this Court must note that (1) fourteen months have passed since Plaintiff filed the Complaint, (2) Plaintiff failed to seek an extension of time prior to the expiration of the 120 days, and (3) Plaintiff was aware that he had not successfully served Defendants because this Court granted Defendant's motion to quash service. (Doc. 30-1, at 6-7). Defendants were not served within 120 days after the Complaint was filed. This Court gave Plaintiff time to amend the Complaint on April 22, 2014. During the time to amend, Plaintiff had enough information available to properly name and serve the two unnamed City of Plaquemine Police Officers and their liability insurance company. Therefore, Plaintiff did not demonstrate good cause for failing to timely serve in compliance with Fed.R.Civ.P. Rule 4(m). *Id.* at *2.

---

[4] Prior to the 2015 amendments to the Federal Rules of Civil Procedure, the time period to serve the defendant was 120 days. The Federal Rules of Civil Procedure have been revised since the Fifth Circuit's decision in *Gartin*, shortening the time period in which a defendant must be served to 90 days under Rule 4(m), Fed.R.Civ.P. See U.S. Supreme Court Order, Rules of Civil Procedure available at https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf

This case is similar to that analyzed in *Thomas v. Gulotta* (supra), in that Plaintiff was aware that he had not successfully served Defendant, Blane Salamoni, because on April 11, 2017 this Court ordered that Plaintiff show cause, in writing, why Salamoni should not be dismissed because of Plaintiff's failure to serve this defendant. Fifteen (15) more months passed before Plaintiff served Salamoni with an unsigned, unsealed summons.

The late addition of another defendant would prejudice the defense of this case. The case is currently set for trial in six (6) months, and a Motion for Summary judgment has already been filed, which motion could be affected if late service is allowed to proceed. Defendants have actively worked on this case, unlike Plaintiff who has failed to prosecute as outlined below.

### *C. Failure to Prosecute, Rule 41(b), Fed.R.Civ.P.*

> Pursuant to Rule 41(b), if Plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless stated otherwise, such a dismissal would operate as an adjudication on the merits. In *Gartin*, where the delay for service was seven months, the Fifth Circuit noted that such 'a delay in service of process often gives rise to the type of situation in which 'a lesser sanction would not better serve the interest of justice.' 289 F.App'x 688, 694, quoting *Veazey v. Young's Yacht Sales & Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981). . .Therefore, the delay of fourteen months since filing of the complaint without any proper service gives rise to a situation where lesser sanctions would not prompt diligent prosecution. Therefore, this Court grants the Defendant's Motion to Dismiss with prejudice. *Thomas v. Gulotta*, No. 13-CV-688-JJB-SCR, 2015 WL 729915, (M.D. La. Feb. 19, 2015).

In this case, Plaintiff did not serve Defendant, Salamoni, until nineteen (19) months after the complaint was filed and fifteen (15) months after being ordered to show cause, in writing, why Salamoni had not been served. Then, Plaintiff served Salamoni with an unsigned, unsealed summons that was not issued by the Clerk of Court. Finally, between Plaintiff's reply filed on April 25, 2017 and Plaintiff's opposition to Defendants' Motion for Summary Judgment, filed on July 24, 2018, Plaintiff was entirely inactive in this case and failed to diligently prosecute under Rule 41(b),

Fed.R.Civ.P. Accordingly, Defendant asks that this Honorable Court grant this Motion to Dismiss with prejudice.

### D. Failure to State a Claim against Blane Salamoni in his Individual Capacity; Blane Salamoni is Entitled to Qualified Immunity

"On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court 'must accept as true all of the factual allegations contained in the complaint.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 l.eD.2D 1081 (2007). Plaintiff sued defendant, Blane Salamoni, in both his individual and official capacities.[5] "Where a defendant is sued in both his official and individual capacities, qualified immunity may be asserted as a defense against plaintiff's individual capacity claims." *Geller v. City of Baton Rouge*, No. 17-324-JWD-EWD, 2018 WL 2208219 at *2, (M.D. La. May 14, 2018). "[Q]ualified immunity constitutes an 'immunity from suit rather than a mere defense to liability." *Id*. at *4.

> First, the district court must determine that the plaintiff's pleadings assert facts, which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity **must plead specific facts** that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Imani v. City of Baton* Rouge, No. 17-439-JWD-EWD, 2018 WL 2208221 at *5, (M.D. La. May 14, 2018), citing *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015). (Emphasis added.)

"The protections afforded by the qualified immunity defense turn on the "**objective legal reasonableness**" of the defendant's conduct examined by reference to clearly established law. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038 (1987).

---

[5] Record Document 1, p. 3.

Plaintiff's complaint, as it relates to defendant, Salamoni, simply states in Paragraph 18:

Ofc. Salamoni approached Plaintiff allegedly giving him an area to step back from the area. After Plaintiff complied, Ofc. Salamoni still grabbed Plaintiff by the arm absent any probable cause or pertinent reason to detain him. At that point Ofc. Salamoni drove Mr. Davis violently to the ground.

Plaintiff's does not plead sufficient facts to establish the violation of any of Plaintiff's Constitutional rights or that Salamoni's actions were objectively unreasonable. "While a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007). "A complaint is also insufficient if it merely tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Bonin v. Gee*, No. 14-00771-SDD-RLB at *2, (M.D. La. June 12, 2015), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff's complaint against Salamoni is entirely devoid of "further factual enhancement" that would allow a colorable allegation of Constitutional violation to be made, Plaintiff's claims against Blane Salamoni should be dismissed.

**By Attorneys:**
**Lea Anne Batson**
**Parish Attorney**

**/s/ Managan L. Johnson**
**Managan L. Johnson (#32200)**
**Assistant Parish Attorney**
**Tedrick K. Knightshead (#28851)**
**First Assistant Parish Attorney**
**222 St. Louis Street, 9th Floor**
**Baton Rouge, LA 70802**
**Telephone: (225) 389-3114**
**Facsimile:  (225) 389-8736**
**Email: mljohnson@brla.gov**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE DAVIS ON BEHALF OF**<br>**JA'COLBY DAVIS** | **CIVIL ACTION** |
| **VS.** | |
| **CITY OF BATON ROUGE, CARL**<br>**DABADIE, JR., TODD BOURGOYNE,**<br>**BLANE SALAMONI, KIP HOLDEN,**<br>**UNKNOWN OFFICER 1, UNKNOWN**<br>**OFFICER 2, UNKNOWN OFFICER 3 AND**<br>**XYZ INSURANCE COMPANY** | **NO.: 3:16-cv-00834-BAJ-RLB** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE

I hereby certify that a copy of the foregoing Memorandum in Support of Blane Salamoni's Motion to Dismiss was this date electronically filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system. Notice will be mailed to any party or counsel not participating in the Court's CM/ECF system by this date depositing same in the United States Mail, first class postage prepaid, and properly addressed.

Baton Rouge, Louisiana this **2nd** day of **August**, 2018.

                                                                                  /s/ Managan L. Johnson
                                                                                  **MANAGAN L. JOHNSON**